UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
JAVIER GONZALEZ PLATA,                      :
                                            :
                        Petitioner,         :       08 Civ. 7146 (GEL)
                                            :       01 Cr. 508-02 (GEL)
        -against-                           :
                                            :       **ORDER**
UNITED STATES OF AMERICA,                   :
                                            :
                        Respondent.         :
                                            :
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/08
```

GERARD E. LYNCH, District Judge:

      Javier Gonzalez Plata, a federal prisoner, moves to vacate or reduce his sentence, primarily pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), alleging that he was "discriminated [against] due to his alienage status." (P. Mem. 1.) Alternatively, he seeks early removal from the United States pursuant to INA § 241(a)(4)(B)(i), 8 U.S.C. § 1231(a)(4)(B)(i). Because the record of the case demonstrates that Gonzalez Plata's sentence did not violate his constitutional rights, and because the other relief he seeks is beyond the power of the Court, his petition under § 2255 is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and his motion is denied in all other respects.

      Gonzalez Plata pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and was sentenced on July 30, 2002, to 151 months of imprisonment in accordance with the then-mandatory sentencing guidelines. He does not contend that the Court held his status as an alien against him or discriminatorily increased his sentence because he is not a citizen. Indeed, any such argument would be frivolous, since he was sentenced at the bottom of the applicable guideline range, which in turn was based on the quantity of drugs he conspired to import, and which did not take his alienage into account in any way. Rather, he now argues, in a variety of ways, that the conditions of his confinement have been adversely affected by his alien status, and that the Court either should have taken that into account to depart from the applicable guideline sentence, or should now take it into account to reduce his sentence.

      These claims cannot justify vacatur of his conviction and sentence under § 2255. As Gonzalez Plata implicitly concedes, no constitutional error infected the calculation of his sentence. To the extent that Gonzalez Plata argues that it was error not to depart from the guideline sentence on the ground of his alienage, he is wrong. His argument amounts to a claim that the Court should have treated him more favorably than a United States citizen, because the likelihood of his deportation, the unavailability of certain rehabilitative programs within the

prison system, and the security classification within which he falls because he is not a citizen impose additional burdens on him. While there is some judicial authority permitting such a departure, see, e.g., United States v. Guzman, 236 F.3d 830, 834 (7th Cir. 2001); United States v. Smith, 27 F.3d 649, 654-56 (D.C. Cir. 1994), several circuits, including the Second Circuit, discouraged such departures on the ground that they are inconsistent with congressional immigration policy. United States v. Restrepo, 999 F.2d 640, 641-46 (2d Cir. 1993); see also, e.g., United States v. Campbell, 181 F.3d 1263 (11th Cir. 1999); United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993). But even on the assumption that such a departure would be permissible, departures are a matter of judicial discretion, not a right. No authority supports a claim that an alien defendant is entitled as a matter of law to such a reduction in sentence. There was thus no legal error in the Court's failure to grant a departure on these grounds.

To the extent that Gonzalez Plata argues that the Court should *now* consider the actual conditions of his confinement as a basis for reducing his sentence, the Court lacks authority to grant such relief. A court's authority to reduce a sentence once imposed is strictly limited; second thoughts about the appropriateness of the sentence, years after the sentence was imposed, in light of the institution to which the Bureau of Prisons has assigned a prisoner is not among them. See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35.

Finally, to the extent that Gonzalez Plata seeks immediate deportation prior to the completion of his sentence, the Court lacks authority to order such relief, which is a matter for the discretion of the Attorney General. See Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997) (holding that, under § 1252(h)(2)(A), the predecessor statute to § 1231(a), "whether or not one is to be deported . . . prior to completing a prison term is a matter solely within the discretion of the Attorney General"); 8 U.S.C. § 1231(a)(4)(B)(i).

Accordingly, for the reasons stated above, Gonzalez Plata's motion is denied in all respects. To the extent that relief has been sought pursuant to 28 U.S.C. § 2255, because petitioner has not made a substantial showing of denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

Dated: New York, New York
       August 20, 2008

                                                    /s/ Gerard E. Lynch
                                                    ───────────────────
                                                    GERARD E. LYNCH
                                                    United States District Judge